UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 24-cv-24327-DPG

WARREN DOLESE,

    *Plaintiff*,

vs.

NCL (BAHAMAS) LTD,
a Bermuda Company d/b/a
NORWEGIAN CRUISE LINE,

    *Defendant*.

_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, NCL (BAHAMAS) LTD., ("NCL"), by and through its undersigned counsel and pursuant to the applicable Federal Rules of Civil Procedure, hereby serves its Answer and Affirmative Defenses to Plaintiff's Complaint.

## PARTIES AND JURISDICTION

1. Admitted only that Plaintiff alleges damages in excess of $75,000. Denied as to Plaintiff's entitlement to the amount alleged.

2. Admitted that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1333.

3. Admitted that Plaintiff has alleged facts sufficient to invoke this Court's jurisdiction pursuant to 28 U.S.C. § 1332. Denied as to Plaintiff's entitlement to the amount alleged.

4. Admitted that venue in this Court is proper.

5. Admitted on information and belief, including information furnished by Plaintiff.

6. Admitted for purposes of this litigation only.

7. Admitted for purposes of this litigation only.

8. Admitted for the purposes of this litigation only that this Court has jurisdiction over NCL, and that venue is proper.

9. Admitted.

## FACTUAL ALLEGATIONS

10. Admitted on information and belief, including information furnished.

11. Admitted that NCL operated the *Norwegian Escape* on the date of the alleged incident, the remainder of the allegations are denied.

12. Admitted that NCL operated the *Norwegian Escape* on the date of the alleged incident, the remainder of the allegations are denied as phrased.

13. Admitted only that Plaintiff was a fare-paying passenger on the *Norwegian Escape* on October 1, 2023.

14. Denied as phrased.

15. Unknown, and therefore denied.

16. Denied as phrased.

17. Denied.

18. Denied, including subparagraphs a) through e).

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied as phrased.

26. Denied.

27. Denied.

28. Denied.

29. NCL admits that it employs crewmembers onboard its ships. The remaining allegations are denied as phrased.

30. NCL admits that it employs crewmembers onboard its ships. The remaining allegations are denied as phrased.

31. Denied as phrased.

32. NCL admits that it employs crewmembers onboard its ships. The remaining allegations are denied as phrased.

## COUNT I – NEGLIGENT FAILURE TO REMEDY

33. NCL adopts and reasserts its responses to the allegations contained in Paragraphs 1 - 25 of the Complaint as if set forth fully herein.

34. Denied as an incomplete statement of law.

35. Denied as an incomplete statement of law, and NCL denies that a dangerous condition existed.

36. Denied, and NCL denies that a dangerous condition existed.

37. Denied, and NCL denies that a dangerous condition existed.

38. Denied, and NCL denies that a dangerous condition existed.

39. Denied.

40. Admitted that the area of the alleged incident was on a cruise ship in navigable waters. All other allegations are denied.

41. Denied.

42. Denied.

43. NCL is without knowledge as to Plaintiff's losses, and denies that it is in any way liable for same.

44. NCL is without knowledge as to Plaintiff's losses, and denies that it is in any way liable for same.

NCL denies that Plaintiff is entitled to any damages and demands strict proof thereof.

**COUNT II - NEGLIGENT FAILURE TO WARN OF DANGEROUS CONDITION**

45. NCL adopts and reasserts its responses to the allegations contained in Paragraphs 1 - 22 and 26 of the Complaint as if set forth fully herein.

46. Denied as an incomplete statement of law.

47. Denied as an incomplete statement of law.

48. Denied as an incomplete statement of law.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Admitted that the area of the alleged incident was on a cruise ship in navigable waters. All other allegations are denied.

57. Denied.

58. Denied as phrased.

59.     NCL is without knowledge as to Plaintiff's losses, and denies that it is in any way liable for same.

60.     NCL is without knowledge as to Plaintiff's losses, and denies that it is in any way liable for same.

NCL denies that Plaintiff is entitled to any damages and demands strict proof thereof.

### COUNT III - NEGLIGENCE FOR THE ACTS OF NCL'S CREW, STAFF, EMPLOYEES, AND/OR AGENTS, BASED ON VICARIOUS LIABILITY

61.     NCL adopts and reasserts its responses to the allegations contained in Paragraphs 1 - 22 and 29-32 of the Complaint as if set forth fully herein.

62.     Denied as an incomplete statement of law.

63.     Denied, including subparagraphs a) though d).

64.     Denied.

65.     Denied.

66.     Denied.

67.     Denied.

68.     NCL is without knowledge as to Plaintiff's losses, and denies that it is in any way liable for same.

69.     NCL is without knowledge as to Plaintiff's losses, and denies that it is in any way liable for same.

NCL denies that Plaintiff is entitled to any damages and demands strict proof thereof.

### AFFIRMATIVE DEFENSES

1.      Plaintiff's own negligence was the sole proximate cause of their injuries and damages and, accordingly, Plaintiff's claim is barred as a matter of law.

2. Plaintiff's own negligence contributed to the subject accident and their injuries and damages and, accordingly, any award to Plaintiff, if any, must be reduced in proportion to their own comparative negligence.

3. Plaintiff's claims are barred inasmuch as Plaintiff knew of the existence of any danger alleged in the Complaint, realized and appreciated the possibility of injury as a result of the danger and, having a reasonable opportunity to avoid it, voluntarily exposed themself to the danger.

4. Plaintiff's claims are barred because there was no unreasonably dangerous or hazardous condition that caused their alleged injuries.

5. To the extent the alleged unreasonably dangerous condition existed, NCL did not create it.

6. To the extent the alleged unreasonably dangerous condition existed, NCL had no actual or constructive notice or knowledge of its existence.

7. The allegedly dangerous condition was apparent, open and obvious and should have been observed by Plaintiff in the ordinary course of their senses, barring any recovery by Plaintiff.

8. The incident and injuries alleged by Plaintiff, if any, were the result of superseding, intervening, and/or unforeseeable causes from which NCL had no duty to protect Plaintiff.

9. NCL fully discharged its duty to Plaintiff by warning her of any dangers and/or unique conditions of the vessel.

10. Plaintiff's injuries and damages, if any, were caused solely by the conduct of third persons not subject to the control, direction or supervision of NCL and for which NCL cannot be held liable.

*Case No.: 24-cv-24327-DPG*

11. Plaintiff's claimed past medical damages are inflated and should be limited to those that are reasonable and necessary based on all relevant evidence, including amounts billed, amounts paid, and any expert testimony or other relevant evidence pertaining to past medical damages.

12. This action is governed by and subject to the terms, limitations, and conditions contained within the contract for passage, and NCL adopts and incorporates same in its entirety to its Answer by reference.

13. The alleged incident and injury may not have been fully disclosed, and therefore NCL reserves the right to amend or supplement these Affirmative Defenses with additional information if and when such information is discovered.

**WHEREFORE** Defendant, NCL (Bahamas) Ltd., having fully answered Plaintiff's Complaint and having raised affirmative defenses, demands judgment in its favor, and such other relief as this Court deems appropriate.

Respectfully Submitted,

**NORWEGIAN CRUISE LINE**
Attorneys for Defendant
7665 Corporate Center Drive
Miami, Florida 33126
Telephone: (305) 436-4653

By: */s/ Todd Sussman*
    **Todd Sussman, Esq.**
    Florida Bar No. 0084729
    tsussman@nclcorp.com

*Case No.: 24-cv-24327-DPG*

# CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of November 2024, I electronically filed the foregoing document with the Clerk to the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

By:  */s/ Todd Sussman*
**Todd Sussman, Esq.**

# SERVICE LIST

*Warren Dolese vs. NCL (Bahamas) Ltd.*
Case No.: *24-cv-24327-DPG*
United States District Court for the Southern District of Florida

| | |
|---|---|
| Todd Sussman, Esq. | Spencer M. Aronfeld, Esq. |
| NORWEGIAN CRUISE LINE | Abby H. Ivey, Esq. |
| 7665 Corporate Center Drive | Matthias M. Hayashi, Esq. |
| Miami, FL  33126 | ARONFELD TRIAL LAWYERS |
| Telephone: (305) 436-4653 | 1 Alhambra Plaza I Penthouse |
| Facsimile: (305) 468-2132 | Coral Gables, FL 33134 |
| tsussman@nclcorp.com | Telephone: (305) 441-0440 |
| jjara@nclcorp.com | Facsimile: (305) 441-0198 |
| *Attorneys for Defendant* | aronfeld@aronfeld.com |
| | aivey@aronfeld.com |
| | mhayashi@aronfeld.com |
| | *Attorneys for Plaintiff* |